884 F.2d 1399
 12 U.S.P.Q.2d 1158
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Wayne K. PFAFF, Plaintiff-Appellant,
v.
WELLS ELECTRONIC, INC., Defendant/Cross-Appellant.
 Nos. 88-1607, 88-1608.
 United States Court of Appeals, Federal Circuit.
 Aug. 31, 1989.
Rehearing Denied Sept. 28, 1989.
 
 Before MARKEY, Chief Judge, BALDWIN, Senior Circuit Judge, and PAULINE NEWMAN, Circuit Judge.
 MARKEY, Chief Judge.
 
 DECISION
 
 1
 Wayne K. Pfaff (Pfaff) appeals from that part of a judgment of the United States District Court for the Northern District of Indiana, 1988 WL 156744, 9 USPQ2d 1366 (N.D.Ind.1988), based on a finding that United States Patent No. 4,491,377 ('377) is not infringed. Wells Electronic, Inc. (Wells) cross-appeals that part of the judgment holding the '377 patent not invalid. We affirm-in-part respecting infringement and vacate-in-part respecting validity.
 
 OPINION
 I. INFRINGEMENT
 A. LITERAL INFRINGEMENT
 
 2
 Pfaff says "axially elongated" is merely a directional limitation. Wells says it is also a limitation on shape and orientation. The court agreed with Wells, saying its pins are not "axially elongated", but "are shortened and are rolled outwardly by a return bent portion". We agree with the district court.
 
 
 3
 We agree with the district court that the claim requires coaction of the spreader means with the pin ends' inner edges which define the cavity, and that the spreader means of the Wells device coacts with a portion of the pin ends that does not define the cavity. We further agree that Wells' spreader means does not mate with inner edges defining the cavity and that the edges of the Wells pin ends do not incline in a plane "substantially parallel" to the first major face.
 
 B. DOCTRINE OF EQUIVALENTS
 
 4
 Pfaff's argument that his invention should be given pioneer status is raised for the first time on appeal and will not, therefore, be considered.
 
 
 5
 We agree with the district court that Pfaff was precluded by prosecution history estoppel from construing as equivalents Wells' pins with return bent parts and spreader means coacting with arms extending from the pins. In overcoming the Pauza and Anhalt references, Pfaff amended his claims, adding "axially elongated" to limit his pins and "inner edges" to limit the structure defining the cavity. Pfaff's claim interpretation would thus resurrect subject matter surrendered.
 
 VALIDITY
 
 6
 Our affirmance of that part of the judgment based on a finding of noninfringement renders moot Wells' cross-appeal on invalidity. There is no indication that the cross-appeal extends to nonlitigated claims or devices. Vieau v. Japax, Inc., 823 F.2d 1510, 1517, 3 USPQ2d 1094, 1100 (Fed.Cir.1987).
 
 COSTS
 
 7
 Each party shall bear his own costs.